UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RUSSELL D. BALCH, | ) | CASE NO. 4:07 CV 3879 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF WARREN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On December 26, 2007, pro se plaintiff Russell D. Balch filed this action under 42 U.S.C. § 1983 against the City of Warren, Warren Police Officer Robert Trimble, Warren Police Chief John Mandopoulas, and Warren Police Officer John Doe.  In the complaint, plaintiff alleges that excessive force was used to secure his arrest.  He seeks monetary damages.

**Background**

Mr. Balch alleges that on November 10, 2005 Officer Trimble initiated a traffic stop of his vehicle.  Mr. Balch was ordered to step out of his car and place his hands on the hood of the vehicle.  As Officer Trimble was taking Mr. Balch's right wrist behind his back to place him under arrest and put him in handcuffs, Mr. Balch became physically ill.  He claims he took a step away from the officer to vomit.  Officer Trimble was still holding the plaintiff's wrist when he made this motion, and used the wrist to pull Mr. Balch back to a closer position.  Mr. Balch contends that

Officer Trimble then "hip-tossed plaintiff slammed plaintiff to the ground with the entire weight of Defendant Trimble coming down on top of Plaintiff, while Defendant Doe stood by." (Compl. at 3.) He indicates that he was in extreme pain and lost consciousness. He was transported to a hospital emergency room where he was treated and released. He claims he later discovered that he had sustained injury to his left clavicle and shoulder.

### Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, it is apparent on the face of the complaint that the statute of limitations for bringing a §1983 claim expired before Mr. Balch filed this action. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the complaint took place on November 10, 2005. This action was filed on December 26, 2007, beyond the expiration of the

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

two-year statute of limitations period.  There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred.  See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

Moreover, even if Mr. Balch were not procedurally barred from proceeding with his claims, his claims against the City of Warren, and Police Chief Mandopoulas would be dismissed. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999).  The complaint contains no suggestion of a custom or policy of the City of Warren which may have resulted in the deprivation of a federally protected right of the plaintiff.

Similarly, liability under § 1983 cannot attach to a supervisor where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisor must have actively engaged in unconstitutional behavior.  Id.  Liability must lie upon more than a mere right to control employees and cannot rely on simple negligence.  Id.  The only allegation against Police Chief Mandopoulas is that he "is responsible for the operation and duties

3

of the Warren Police Department." This type of allegation is insufficient to support liability of this defendant.

## Conclusion

Accordingly, this action is dismissed pursuant to §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 3/10/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE